NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREEM JONES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BELL MITSUBISHI,<br><br>　　　　　　　　　Defendant. | Case No. 22cv5494 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, DISTRICT JUDGE.**

It appearing that:

Before the Court is *pro se* Plaintiff Kareem Jones's application to proceed *in forma pauperis* ("IFP"). D.E. 1-2. Plaintiff's Complaint names Bell Mitsubishi as Defendant. D.E. 1 at 2.

28 U.S.C. § 1915, the IFP statute, ensures that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont Co.*, 335 U.S. 331, 342 (1948). In order to proceed IFP, a litigant must show that he "cannot because of his poverty 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.* at 339.

Based on Plaintiff's sworn IFP application, the Court finds that he cannot both pay the filing fee and still be able to provide himself with the necessities of life. Accordingly, the Court **GRANTS** his IFP application.

Having granted Plaintiff's IFP application, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) before permitting service of process. *See Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018). Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878-79 (3d. Cir. 2018) (quoting *James v. City of Wilkes-Barres*, 700 F.3d 675, 681 (3d Cir. 2012)). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Ashcroft*, 556 U.S. at 679.

Courts are generally more forgiving of a complaint filed *pro se* and construe its allegations liberally. *Haines v. Kerner,* 404 U.S. 219 (1972). However, even a *pro se* litigant is required to "plead the essential elements of [his] claim and [is] not excused from conforming to the standard rules of civil procedure." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

A complaint must comply with Federal Rule of Civil Procedure 8. Federal Rule of Civil Procedure 8(a)(1) requires that a complaint set forth a "short and plain statement of the grounds for the court's jurisdiction." Federal courts are courts of limited jurisdiction and may not decide a matter in the absence of subject matter jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). "This Court has an independent obligation to

satisfy itself that it has subject matter jurisdiction." *Jackson v. Fererretti*, No. 08-5702, 2009 WL 192487, at *1 (D.N.J. Jan. 26, 2009) (*sua sponte* dismissing a complaint filed pursuant to 28 U.S.C. § 1915 for lack of subject matter jurisdiction) (citing Fed. R. Civ. P. 12(h)(3)).

Additionally, Federal Rule of Civil Procedure Rule 8(a)(2) requires that a complaint set forth a "short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Rule further requires that a complaint set forth the plaintiff's claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations. *See Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986).

Finally, "shotgun pleadings" fail to meet the pleading requirements of Federal Rule of Civil Procedure 8. *See, e.g.*, *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). A shotgun pleading can arise in any of the following circumstances: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate "into a different count each cause of action or claim for relief," or (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Such pleadings impose on courts and defendants the onerous task of sifting out irrelevancies. *See id.* at 1323.

3

Here, the Court finds that Plaintiff's Complaint is deficient for two reasons. First, the Court finds that Plaintiff's proposed basis for subject matter jurisdiction does not satisfy Federal Rule of Civil Procedure 8(a)(1). Plaintiff asserts that the Court has federal question jurisdiction, D.E. 1-1, but he does not explain the basis for that assertion. Thus, Plaintiff must cure this deficiency.

Second, the Court finds that Plaintiff's Complaint does not generally meet the relevant pleading standards of Federal Rule of Civil Procedure 8. His Complaint lodges a series of vague, conclusory assertions that fail to put Defendant on adequate notice of the causes of action against it. Plaintiff merely points to a series of events without clearly identifying how they relate to his claim, what happened, who did what, why those events give rise to a cognizable legal claim, and why he is entitled to the relief he seeks. *See* D.E. 1 at 3-4.

Specifically, it appears from Plaintiff's statement of facts: (1) Plaintiff purchased a car from Defendant, which was partially financed by a car loan; (2) Defendant did not fully disclose the existence of a financing charge at the time it sold the car to Plaintiff; (3) Plaintiff experienced car issues and returned the car to Defendant to be fixed several times; (4) while Plaintiff's car was in the possession of Defendant, for the purpose of repairs, Plaintiff's car was repossessed by Capitol One; and (5) Plaintiff's car was repossessed, despite Plaintiff "never miss[ing] a payment." D.E. 1 at 3. Plaintiff alleges his injuries as: (1) having to "catch Ubers to work[;]" (2) losing his job because he had no car; (3) having a car repossession listed on his credit report; (4) having his license and registration suspended; (5) having his credit score drop over 200 points; (6) continuing to not have a car; and (7) having been denied credit for a new car because of the repossession of his last car. *Id.* at 4. He seeks relief in the form of $50,000 for, *inter alia*, the alleged sale price of his car. *Id.* at 5. Plaintiff attaches an "Affidavit of Truth and Fact," which lists 15 U.S.C. §§ 1632, 1635, 1662, and 1681, as what the Court can only infer, is the basis for his Complaint. *See*

4

D.E. 1-4. But, even construed liberally, Plaintiff's alleged facts, injuries, and the relief he seeks in the Complaint do not satisfy the relevant pleading standards outlined above.

Thus, Court **DISMISSES** the Complaint in its entirety for failure to meet the pleading standards of Federal Rule of Civil Procedure 8.  The dismissal is *without prejudice* to Plaintiff's ability to replead.  If Plaintiff repleads, he must clearly outline the basis for this Court's subject matter jurisdiction, the specific legal claims he brings against Defendant, the facts supporting those claims, and Defendant's actions that give rise to those claims.  He may do so by submitting an amended complaint, which outlines the appropriate information in separately numbered paragraphs.  Plaintiff is on notice that failure to file an amended complaint within thirty (30) days or to cure the deficiencies in the Complaint will result in a dismissal *with prejudice*.

Accordingly, for the reasons set forth above,

**IT IS** on this **17th** day of **October** 2022,

**ORDERED** that Plaintiff's IFP application, D.E. 1-2, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED** *without prejudice* for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **thirty (30) days** from the date of this Order addressing the deficiencies outlined above; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff and **CLOSE** this matter.

Dated: October 17, 2022

_____
Hon. Evelyn Padin, U.S.D.J.